**TRUSTEES OF THE ALA–LI-
THOGRAPHIC PENSION
PLAN, Plaintiffs,**

v.

**CRESTWOOD PRINTING
CORPORATION,
Defendants.**

**No. 99 Civ. 4432(CBM).**

United States District Court,
S.D. New York.

Sept. 18, 2000.

Ira Cure, Kennedy, Schwartz & Cure, P.C., New York City, for plaintiff.

Mark S. Mancher, Jackson, Lewis, Schnitzler & Krupman, Woodbury, NY, for defendant.

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MOTLEY, District Judge.

### I. BACKGROUND

Plaintiff, Trustees (the "Trustees") of the ALA–Lithographic Industry Pension Plan (the "Fund"), filed this action against its employer, Crestwood Printing Corporation ("Crestwood"), alleging that Crestwood failed to make obligatory contributions in the amount of approximately $52,796.32 to the Fund, in violation of the Employee Retirement Income Security Act ("ERISA") and the Labor Relations Management Act ("LMRA").

Plaintiff and defendant are parties to a collective bargaining agreement. Pursuant to the collective bargaining agreement, defendant is required to make pension contributions as a percentage of its employees' "base pay." The disagreement between the parties involves the calculation of "base pay" for the purposes of the pension contribution. Plaintiff alleges that "base pay" includes both regular shift pay and overtime pay. Defendant alleges that "base pay" includes only regular shift pay.

Three agreements between the parties are involved. The first agreement, controlling from July 1, 1994 to June 30, 1997 ("the MLA Agreement"), was a collective

bargaining agreement between plaintiff and the Metropolitan Lithographers Association ("MLA"), a multi-employer collective bargaining group of which defendant was a member, and excluded overtime pay in the "base pay" calculation. The second agreement, executed in mid-July 1997, was a Memorandum of Agreement ("the 1997 MOA") executed between plaintiff and defendant after defendant left the MLA in April 1997. The 1997 MOA stated that "the terms and conditions of employment set forth in the existing collective bargaining agreement by and between the union and the employer shall continue in effect." The third agreement, executed in 1999 ("Agreement # 3"), was a formal collective bargaining agreement between plaintiff and defendant for the 1997–2001 period, and included overtime pay in the "base pay" calculation.

## II. ANALYSIS

Defendant has moved for summary judgment on plaintiff's claim. According to the Federal Rules of Civil Procedure, summary judgment shall be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing a prima facie case demonstrating the lack of a genuine issue of material fact. Once the moving party meets this burden, the non-moving party has the burden of providing enough evidence to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. In considering a summary judgment motion, all of the facts must be viewed in the most favorable manner for the non-moving party. *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 721 (2d Cir.1994).

In an action involving the construction of a contract, summary judgment is improper when the contract is ambiguous. *Mycak v. Honeywell, Inc.*, 953 F.2d 798, 802 (2d Cir.1992). Language "is ambiguous when it is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement....'" *O'Neil v. Retirement Plan for Salaried Employees of RKO Gen., Inc.*, 37 F.3d 55, 59 (2d Cir.1994) (quoting *Care Travel Co. v. Pan Am. World Airways*, 944 F.2d 983, 988 (2d Cir.1991)). "Where contractual language is ambiguous and subject to varying reasonable interpretations, intent becomes an issue of fact and summary judgment is inappropriate." *Thompson v. Gjivoje*, 896 F.2d 716, 721 (2d Cir.1990) (citing *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1559 (2d Cir.1989)).

Plaintiff asserts that the 1997 MOA's reference to the controlling "existing collective bargaining agreement" referred to an existing agreement plaintiff used with all independent employers—employers who were not members of the MLA—which *included* overtime pay in the "base pay" calculation. Plaintiff further asserts that Union President Patrick LoPresti repeatedly cautioned defendant's owner, Robert Kashan, that defendant would be required to make contributions on overtime. *See* LoPresti Decl. ¶ 10.

Defendant argues that when the MOA stated that "the terms and conditions of employment set forth in the existing collective bargaining agreement by and between the union and the employer shall continue in effect," it was referring to the only existing collective bargaining agreement in effect between plaintiff and MLA, the MLA Agreement, which *excluded* overtime from "base pay." Defendant points out that Mr. Kashan had previously negotiated an agreement with Mr. LoPresti for his other independent shop, Barton Press, which also excluded overtime from the

"base pay" calculation. Defendant also alleges that during negotiations of the 1997 MOA, Mr. LoPresti never asked Mr. Kashan to enter into an independent agreement. *See* Kashan Dep. at 38.

## III.  CONCLUSION

Taking into account the circumstances surrounding the signing of the 1997 MOA, this court finds that the contract's language regarding the "existing collective bargaining agreement" is ambiguous. Due to this ambiguity, plaintiff has succeeded in demonstrating the existence of genuine issues of material fact, including the following: (1) whether or not Mr. LoPresti and Mr. Kashan reached an agreement prior to signing the 1997 MOA concerning the calculation of "base pay," and (2) what the parties to the 1997 MOA intended by the reference to the "existing collective bargaining agreement." Accordingly, this court denies defendant's motion for summary judgment.